UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. FEDERAL GOVERNMENT; MATTHEW THELEN, FEDERAL CLERK OF COURTS; THE HONORABLE VERONICA L. DUFFY, MAGISTRATE JUDGE FOR THE UNITED STATES DISTTRICT COURT FOR THE DISTRICT OF SOUTH DAKOTA; JOHN M. STROMAN, ASSISTANT ATTORNEY GENERAL OF SOUTH DAKOTA; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES<br><br>Defendants. | 4:19-CV-04143-KES<br><br>1915A SCREENING AND ORDER DISMISSING COMPLAINT |

Plaintiff, Kevin Christopher Micheal Tripp, filed a pro se civil rights lawsuit under 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Docket 1. Tripp is an inmate at the South Dakota State Penitentiary. He moved to proceed in forma pauperis and has provided the court with his prisoner trust account. Dockets 3, 4. He also moved to appoint counsel (Docket 2) and filed motions to amend his complaint (Dockets 6, 7, 8). This court grants Tripp's most recent motion to amend (Docket 8) and will base the 1915A screening on his proposed amended complaint (Docket

1

8-1). Because this court has granted Tripp's most recent motion to amend (Docket 8), his remaining motions to amend (Dockets 6, 7) are denied as moot.

## FACTUAL BACKGROUND

The facts as alleged in the amended complaint are: that the United States Government is refusing to let Tripp file the "Strawman Act and apply for [his] 1 percent share holding [sic] over the corperate [sic] United States of America." Docket 8-1 at 2. Matthew Thelen, the Clerk of Courts for the United States District Court for the District of South Dakota has refused to send Tripp the "Strawman Act paperwork." *Id.*

United States District Court Magistrate Judge, Veronica L. Duffy will not allow Tripp to file his federal habeas corpus until he files the $5.00 filing fee. *Id.* Tripp asserts that the Magistrate Judge's action is a violation of his due process rights. *Id.* at 5. John M. Stroman, the Assistant Attorney General is not allowing Tripp to proceed with his federal habeas corpus. *Id.* at 4. Stroman will not let Tripp proceed because Tripp has not completed his state court remedies. *Id.* Tripp believes that Stroman is making up this rule and says Stroman is violating his First Amendment right to access the courts. *Id.* In his request for relief, Tripp asks for one million dollars and the paperwork to file as a strawman, as well as paperwork to apply to be a shareholder of the United States. *Id.* at 7.

## LEGAL STANDARD

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and

pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007*)*; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from

such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Tripp filed a motion to proceed in forma pauperis and provided the court with his prisoner trust account. Dockets 3, 4. Tripp reports a current balance of $0.04 and an average monthly balance for the last six months as *negative* $2.30. Docket 4 at 1.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1)(A-B). Based on the information regarding Tripp's prisoner trust account, the court grants Tripp leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In

no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Tripp must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Tripp's institution. Tripp remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.   1915A Screening

### A. Claims against the United States Federal Government

Tripp asserts that the United States Federal Government is refusing to let him file his "Strawman Act" complaint. Docket 8-1 at 2. The Federal Government is immune from suit. "The United States and its agencies are generally immune from suit." *Walker v. Shafer*, 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018) (citing *FDIC v. Meyer*, 510 U.S. 471, 474 (1994) ("Absent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit.")) The United States must waive its sovereign immunity for the district court to have jurisdiction over a claim. *Id.*; *cf. Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995) (discussing waiver of tribal sovereign immunity). Because Tripp does not demonstrate a waiver of sovereign immunity, his claims against the United States Federal Government are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### B. Claims against Matthew Thelen

Tripp claims that Matthew Thelen, Clerk of Court, is not sending him the "Strawman Act paperwork." Docket 8-1 at 2. Tripp filed his complaint as a *Bivens* action. "A *Bivens* claim is a constitutional claim brought against federal officials acting under color of federal law rather than state officials acting under color of state law." *Walker v. Harmon*, 2016 LEXIS 131299, at *11 (D.S.D. Sep. 26, 2016) (citing *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396-97 (1971)).

Tripp's assertions that he must be sent the "Strawman Act paperwork" is not a constitutional claim. The "strawman" is a redemption theory that:

> propounds that a person has a split personality: a real person and a fictional person called the 'strawman.' The 'strawman' purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt.

*Muhammad v. Smith*, 2014 WL 3670609, at *2 (N.D. New York, July 23, 2014) (alterations in the original) (quoting *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008)) (The court noted that the plaintiff's redemptionist theories, related

6

to the sovereign citizen theory, are consistently rejected by federal courts as legally frivolous.). The Eighth Circuit has held that the status of a "sovereign citizen" is not a constitutionally relevant status and these assertions are frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *Meyer v. Shroeder*, 2018 WL 3651354, at *2 (D.S.D. Aug. 1, 2018). Because Tripp does not assert a constitutional violation, but merely asserts a legally frivolous theory, his claim against Matthew Thelen is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

**C. Claims against the Honorable Veronica L. Duffy**

The Honorable Veronica L. Duffy is a magistrate judge for the United States District Court for the District of South Dakota. Tripp claims that Magistrate Judge Duffy has violated his due process rights because she would not let him file his federal habeas petition until he paid a $5.00 fee. Docket 8-1 at 5. Tripp does not mention which federal habeas petition he is talking about or give other facts regarding his claim.

Judges are generally immune from suit if the judge had jurisdiction over the party. *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " *Id.* at 357-58 (quoting *Bradley v. Fisher*, 80

7

U.S. 335, 351 (1872)). Judges are immune from suit with two narrow exceptions. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). " 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.' " *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

These exceptions do not apply here. Magistrate Judge Duffy had jurisdiction over Tripp when he filed a petition of habeas corpus before the court and her actions were taken within her judicial capacity.[1] Thus, Tripp's claims against the Magistrate Judge Veronica L. Duffy are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

**D. Claims against John M. Stroman**

Tripp claims that John M. Stroman is an Assistant Attorney General and has violated his First Amendment right to access the courts. Docket 8-1 at 4. A *Bivens* action is against a federal official, not a state actor. *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) (" '[A]n action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials.' ") (quoting *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995)). Tripp

---

[1] Tripp has filed multiple petitions for writ of habeas corpus within the District of South Dakota that have been referred to Magistrate Judge Duffy. *See* Tripp v. Warden of South Dakota State Penitentiary et al, 4:19-cv-04120 (D.S.D. filed July 9, 2019); Tripp v. Dooley et al, No. 4:19-cv-04079 (D.S.D. filed Apr. 19, 2019); Tripp v. Dooly et al, No. 4:19-cv-04162 (D.S.D. filed Sept. 18, 2019). Magistrate Judge Duffy has jurisdiction over these matters under 28 U.S.C. § 636(b)(1)(B) and this court's standing order dated October 16, 2014.

8

asserts that John M. Stroman is an Assistant Attorney General for the State of South Dakota. Stroman is not a federal actor, thus a *Bivens* action is an improper avenue for this claim. Because he has not pleaded a *Bivens* claim against John M. Stroman, his claim is dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

**III. Strike**

Tripp's complaint fails to state a claim upon which relief may be granted against any defendants. Additionally, the court finds that this action is frivolous. Tripp's complaint is dismissed without prejudice and judgment will be entered in favor of the defendants. Because Tripp's complaint is dismissed, his motion to appoint counsel (Docket 2) is denied. Further, section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Tripp's filing a legally frivolous lawsuit constitutes a strike against Tripp for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Tripp's first recorded strike.

Thus, it is ORDERED

1. That Tripp's motion to proceed in forma pauperis (Docket 3) is granted.

9

2. That the institution having custody of Tripp is directed that whenever the amount in Tripp's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Tripp's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.
3. That Tripp's motion to amend his complaint (Docket 8) is granted.
4. That Tripp's motions to amend (Docket 6 and 7) are denied as moot.
5. That's Tripp's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted.
6. That Tripp's motion to appoint counsel (Docket 2) is denied.
7. That this action constitutes a strike against Tripp for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Tripp's first recorded strike.

Dated December 17, 2019.

                    BY THE COURT:

                    /s/ *Karen E. Schreier*
                    KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE