UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. FEDERAL GOVERNMENT, IN ITS INDIVIDUAL AND OFFICIAL CAPCITY; MATTHEW THELEN, FEDERAL CLERK OF COURTS, IN HIS INDIVIDUAL AND OFIFCIAL CAPACITY; AND JASON RAVNSBORG, ATTORNEY GENERAL OF SOUTH DAKOTA, IN HIS INDIVIDUAL AND OFFICIAL CAPCITY, <br><br> Defendants. | 4:19-CV-04143-KES <br><br> ORDER DENYING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES AS MOOT |

Plaintiff, Kevin Christopher Micheal Tripp, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Tripp and he filed a notice of appeal. Dockets 11 and 12. This court granted Tripp leave to proceed in forma pauperis on appeal. Docket 10. Tripp's first appeal is still before the Eighth Circuit Court of Appeals. Now, Tripp filed a second notice of appeal and a motion to appeal without prepayment of fees. Dockets 20 and 21.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . .

files an appeal.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, "'[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.'" *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. §

2

1915(b)(4). Because this court already granted Tripp leave to proceed in forma pauperis (Docket 10) and he is appealing the same judgments as he has previously, his new motion (Docket 21) is denied as moot.

Thus, it is ORDERED

1. That Tripp's motion to appeal without prepayment of fees (Docket 21) is denied as moot.

Dated March 16, 2020.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE